UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:13-cv-00427-WTH-PRL

GREGG WOODWORTH,

     Plaintiff,

v.

CITY OF MASCOTTE,

     Defendant.

_____/

## DEFENDANT CITY OF MASCOTTE'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST TO PRODUCE AND FOR SANCTIONS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant CITY OF MASCOTTE, hereby files this Motion to Compel Answers to Interrogatories and Responses to Request to Produce to Plaintiff GREGG WOODWORTH, and for sanctions for failing to respond, and would state as follows:

### I.    Introduction

The Plaintiff, Gregg Woodworth filed his Verified Complaint[1] on August 9, 2013, alleging various federal and state claims for relief arising from his employment as a City of Mascotte police officer. (*See generally* Verified Complaint [Doc. 1].) The Plaintiff's operative claims include a claim for "Race Discrimination" under Title VII, 42 U.S.C. § 20003 et seq., and the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. (Count I, Verified Complaint, ¶¶ 32-41);

---

[1]    The Verified Complaint was initially filed August 9, 2013, in the Orlando Division as Civil Case No. 6:13-cv-01219-CEH-KRS. The case was transferred to the Ocala Division on September 6, 2013, and assigned Case No. 5-13-cv-00427-Oc-10PRL. Also, although the pleading is titled as a "Verified Complaint," it is not verified by Woodworth.

a claim for "Disability Discrimination" under the Americans with Disabilities Act, the Florida Civil Rights Act, and Title VII (Count 2, *Id.*, ¶¶ 42-51); and a claim for "Retaliation" under Title VII, the Florida Civil Rights Act, and Americans with Disabilities Act (Count 3, *Id.*, ¶¶ 52-57).[2]

This action is currently set for trial during the weeks of July 6, 13, and 20, 2015. (*See* Order filed March 26, 2014 [Doc. 21] at 2.) The discovery period closes February 20, 2015. (*Id.* at 1.)

On June 18, 2014, the Defendant served its Interrogatories to Plaintiff and its First Request to Produce (collectively referred to hereafter as "written discovery"). The written discovery seeks additional information and documents regarding the Plaintiff and his allegations and is relevant to the claims asserted in the Plaintiff's Verified Complaint.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff's Answers to the Interrogatories and Responses to the Request to Produce were each due on or before July 21, 2014. *See* Fed. R. Civ. P. 32(b)(2) (interrogatory answers due in 30 days), Fed. R. Civ. P. 34(2)(A) (responses to request to produce due in 30 days). Plaintiff's objections to any of this written discovery was also due at this time. However, the Plaintiff has failed to provide either Answers or Responses to the City's written discovery. Moreover, although the Plaintiff had previously indicated that Answers and Responses were forthcoming, at this point, Plaintiff's counsel will not return telephone calls or respond to written communication regarding the status of discovery. Thus, the Defendant is now forced to file this Motion to Compel.

## II.    Legal Argument and Citation of Authorities

### A.    Standard

---

[2]    Plaintiff's claims of "Emotional Harm" (Count 4, *Id.*, ¶¶ 60-69), "Negligent Retention and Supervision" (Count 5, *Id.*, ¶¶ 70-76); and "Defamation" (Count 6, *Id.*, ¶¶ 77-85) were dismissed with prejudice by Court Order dated August 28, 2014 [Doc. 22].

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." *See also* Cartrette v. T & J Transp., Inc., 3:10-CV-277-J-25MCR, 2011 WL 2435991, *1 (M.D. Fla. June 15, 2011) (citing Hickman v. Taylor, 329 U.S. 495, 507–508, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir.1985); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D.Fla.1979)).  When a party fails to answer or respond to an interrogatory or request to produce, the party serving the written discovery may file a motion for an order compelling discovery. Fed. R. Civ. Pro. 37(a) and -(d).  Furthermore, it is well within the Court's discretion to order sanctions where a party fails to serve answers, objections, or any written response to discovery. Fed. R. Civ. Pro. 37(d).

### B.    Rule 37 Certification

The moving party has repeatedly attempted to confer with Plaintiff's counsel six (6) times over the last three months in an effort to obtain the Answers to Interrogatories and Responses to Requests to Produce.

On July 28, 2014, undersigned counsel sent Plaintiff's counsel an e-mail advising Plaintiff's Answers and Responses had not yet been received (*See* E-mail dated July 28, 2014, from Suzanne Huston to Eric D. Frommer, attached as Exhibit "A".)  Plaintiff's attorney responded via e-mail within an hour, stating, "I will go over with the parties tonight and tomorrow and get to you this week." (*See* E-mail dated July 28, 2014, from Eric D. Frommer to Suzanne Huston, attached as Exhibit "B").

The Plaintiff did not provide Answers or Responses to the written discovery as indicated. On August 4, 2014, undersigned counsel sent another e-mail to Plaintiff's counsel advising the Defendant had not received any answers or responses to Defendant's written discovery from the

Plaintiff. (*See* E-mail from Suzanne Huston to Eric D. Frommer dated August 4, 2014, attached as Exhibit "C".) Defense counsel received no response to the e-mail correspondence and the Plaintiff did not provide Answers or Responses to the written discovery.

On August 14, 2014, undersigned counsel sent a formal letter to Plaintiff's counsel via e-mail advising that Plaintiff's discovery responses and answers still had not been received. (*See* letter from Gail C. Bradford to Eric D. Frommer dated August 14, 2014, attached as Exhibit "D".)

On August 24, 2014, Plaintiff's counsel responded to the letter via e-mail advising that he was "having Plaintiff's sign their discovery under oath tomorrow, I will email a copy to you and mail the original."[3] (*See* E-mail response attached as Exhibit "E".) However, the Plaintiff did not serve any answers or responses to the written discovery as indicated. That communication was also the last communication received from Plaintiff's counsel regarding the written discovery.

On August 27, 2014, undersigned counsel telephoned Plaintiff's counsel at both his office and on his cell phone. Undersigned counsel left a message with his office receptionist and left a voice mail message on his cell phone; however, no return call was received. The Plaintiff did not provide Answers or Responses to the written discovery.

On September 4, 2014, undersigned counsel sent another letter to Plaintiff's counsel via e-mail advising that Plaintiff's discovery responses and answers still had not been received. (*See* letter attached as Exhibit "F".) The letter requested full Answers and Responses by September 8, 2014, and advised that a Motion to Compel would be filed otherwise. No response was received

---

[3] Woodworth's counsel also represents Plaintiff Scott Thompson in the similar case of <u>Thompson v. City of Mascotte</u>, Civil Case No. 5:13-cv-00404-WTH-PRL. Thompson has also failed to respond to written discovery.

from Plaintiff's counsel and the Plaintiff did not provide Answers or Responses to the written discovery.

To date, Defendant has not received the Answers to the Interrogatories or Responses to the Request to Produce. Moreover, the Plaintiff has not served any objections to the written discovery and the time to do so has long passed. Finally, the Plaintiff has not filed a motion for protective order or attempted to seek any protection from the written discovery. To the contrary, the Plaintiff has repeatedly indicated that Answers and Responses are forthcoming but has not stood by his assurances and served Answers and Responses to the Defendant's written discovery.

### C.   Request for Sanctions

The Defendant is entitled to obtain discovery regarding any matter relevant to the subject matter of the pending action. The Defendant submits that its written discovery addresses matters relevant to the subject matter of the Plaintiff's claims. Therefore, the Defendant is entitled to verified Answers to its Interrogatories and full and complete Responses to its Requests to Produce. Moreover, the Defendant is entitled to these items in a timely fashion. However, the actions of Plaintiff in grossly failing to provide Answers and Responses and in further failing to respond to Defendant's repeated inquiries violates both the letter and the spirit of discovery practice. (*See e.g.*, Middle District Discovery Handbook, rev. September 4, 2001, § I(A)(1) ("Discovery in this district should be practiced with a spirit of cooperation and civility."); *see also* Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990) ("Counsel must respond promptly to inquiries and communications from opposing counsel.").)

In addition, the Plaintiff has unnecessarily and unjustly delayed the progress of this case. For example, the Plaintiff's deposition was noticed at least as early as May 26, 2014, to take

place on September 18, 2014.  (*See* Amended Notice of Deposition served May 26, 2014, attached hereto as Exhibit "G".)  However, in light of the Plaintiff's wholesale failure to respond to discovery, defense counsel have advised Plaintiff's counsel that the Plaintiff's deposition may be continued pending receipt of the Plaintiff's Answers and Responses and the need to follow-up in a second deposition.  (*See* Exhibit "D".)  The Plaintiff's actions will cause the Defendant to expend additional resources and will likely necessitate the rescheduling or retaking of the Plaintiff's deposition.

Unfortunately, the Plaintiff's actions in delaying and not responding appear to be a pattern and practice by Plaintiff's counsel.  Plaintiff failed to respond to the Motion to Dismiss and now fails to respond to written discovery.  Therefore, in an effort to thwart such future action and to penalize the Plaintiff for completely failing to respond to the written discovery and defense counsel's inquiries, the Defendant asks that the Plaintiff be sanctioned.  The Defendant asks that the Plaintiff's pleadings be struck.  The Defendant also asks that its reasonable expenses, including attorney's fees, caused by the Plaintiff's failure to respond to written discovery also be awarded as a sanction.

### D.    Local Rule 3.01(g) Certification

Pursuant to Fed. R. Civ. P. 3.01(g), the movant certifies in good faith that she has repeatedly conferred and attempted to confer with Plaintiff's counsel in an effort to secure Answers to the Defendant's Interrogatories and Responses to the Defendant's Request to Produce without court action.  However, the Plaintiff's continued failure to answer or respond to the written discovery and to respond to counsel's inquiries now forces the Defendant to seek the Court's assistance.

**WHEREFORE**, Defendant CITY OF MASCOTTE respectfully requests that this Court enter an Order requiring Plaintiff GREGG WOODWORTH to answer and respond to Defendant's Interrogatories and Request to Produce and grant sanctions, including the striking of the Plaintiff's Verified Complaint and an award of the Defendant's reasonable expenses, including attorney's fees, caused by the Plaintiff's failure to respond to written discovery.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 12, 2014, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to Eric Frommer, Esq., efrommer@fisherfrommer.com, Fisher & Frommer, PLLC, 250 International Parkway, Ste. 260, Lake Mary, FL 32746, Counsel for Plaintiff.

/s/ Gail C. Bradford
DOUGLAS T. NOAH, ESQ.
Florida Bar No. 0863970
GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310   Fax: 407-648-0233
DNoah@drml-law.com
GBradford@drml-law.com
Attorneys for Defendant, City of Mascotte

**Suzanne Huston**

| | |
|---|---|
| **From:** | Suzanne Huston |
| **Sent:** | Monday, July 28, 2014 2:07 PM |
| **To:** | 'efrommer@fisherfrommer.com' |
| **Cc:** | Gail Bradford; Douglas T. Noah; Marissa Carlton |
| **Subject:** | Woodworth, Gregg v City of Mascotte  GC2012076156: |

Mr. Frommer:

On June 18, 2014, we served you with a Request to Produce and Interrogatories in the above captioned matter.  Plaintiff's responses and answers were due July 21 (including 3 mailing days).  To date, we have not received any responses or answers from Plaintiff nor have we received any request for an extension of time.  Please advise when we can expect to receive these from Plaintiff.

Thank you in advance for your assistance.

*Suzanne Huston*|F.R.P.
*Paralegal to Gail C. Bradford, Esq.*
**DEAN, RINGERS, MORGAN & LAWTON P.A.**
201 E. Pine Street, Suite 1200 | Orlando, FL 32801
Direct: (407) 422-4310 ext. 189
suzanne@drml-law.com

*~Please consider the environment before printing~*



1

## Suzanne Huston

| | |
|---|---|
| **From:** | eric frommer <ericfrommer@hotmail.com> |
| **Sent:** | Monday, July 28, 2014 3:03 PM |
| **To:** | Suzanne Huston |
| **Subject:** | RE: Woodworth, Gregg v City of Mascotte  GC2012076156: |

I will go over with the parties tonight and tomorrow and get to you this week.

# Eric D. Frommer, Esq.
*Fisher & Frommer, PLLC*
*250 International Parkway, Suite 260*
*Lake Mary, Florida 32746*
*Office: (407) 829-3290*
*Direct: (407) 829-3293 x200*
*Mobile: (321) 262-4471*
*Facsimile: (407) 829-3294*
*Email: efrommer@fisherfrommer.com*

*Disclaimer: The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please reply to the sender that you have received this communication in error, and destroy all copies of the original message.*

From: Suzanne@DRML-Law.com
To: efrommer@fisherfrommer.com
CC: GBradford@DRML-Law.com; DNoah@DRML-Law.com; Marissa@DRML-Law.com
Subject: Woodworth, Gregg v City of Mascotte GC2012076156:
Date: Mon, 28 Jul 2014 14:06:56 -0400

Mr. Frommer:

On June 18, 2014, we served you with a Request to Produce and Interrogatories in the above captioned matter.  Plaintiff's responses and answers were due July 21 (including 3 mailing days).  To date, we have not received any responses or answers from Plaintiff nor have we received any request for an extension of time.  Please advise when we can expect to receive these from Plaintiff.

Thank you in advance for your assistance.



EXHIBIT
B

**Suzanne Huston**

| | |
|---|---|
| **From:** | Suzanne Huston |
| **Sent:** | Monday, August 04, 2014 3:00 PM |
| **To:** | 'eric frommer' |
| **Cc:** | Gail Bradford |
| **Subject:** | RE: Woodworth, Gregg v City of Mascotte  GC2012076156: |

Mr. Frommer:

Just wanted to follow-up on this and see when we can expect to receive the responses and answers.

Thank you.

*Suzanne Huston*|F.R.P.
*Paralegal to Gail C. Bradford, Esq.*
**DEAN, RINGERS, MORGAN & LAWTON P.A.**
201 E. Pine Street, Suite 1200 | Orlando, FL 32801
Direct: (407) 422-4310 ext. 189
suzanne@drml-law.com

**From:** eric frommer [mailto:ericfrommer@hotmail.com]
**Sent:** Monday, July 28, 2014 3:03 PM
**To:** Suzanne Huston
**Subject:** RE: Woodworth, Gregg v City of Mascotte GC2012076156:

I will go over with the parties tonight and tomorrow and get to you this week.

## Eric D. Frommer, Esq.
*Fisher & Frommer, PLLC*
*250 International Parkway, Suite 260*
*Lake Mary, Florida 32746*
*Office: (407) 829-3290*
*Direct: (407) 829-3293 x200*
*Mobile: (321) 262-4471*
*Facsimile: (407) 829-3294*
*Email: efrommer@fisherfrommer.com*



*Disclaimer: The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please reply to the sender that you have received this communication in error, and destroy all copies of the original message.*

# DEAN, RINGERS, MORGAN AND LAWTON

### A PROFESSIONAL ASSOCIATION
### ATTORNEYS AT LAW

GOBLE D. DEAN [1913-2000]
ANDREW L. RINGERS - RETIRED
DALE O. MORGAN (OF COUNSEL)
WILLIAM E. LAWTON *##+++
LAMAR D. OXFORD #
F. SCOTT PENDLEY *++
JOHN D. ROBINSON
FRANK C. WESIGHAN +
JEFFRY J. BRANHAM +
JOSEPH R. FLOOD, JR.
S. RENEE STEPHENS LUNDY
DOUGLAS T. NOAH
ALAN D. KALINOSKI +##**
JOHN M. JOYCE
G. CLAY MORRIS
RONALD P. GRENINGER
MICHAEL A. LOWE +
JAMES A. WILKINSON ***+++
JOHN T. CONNER
BRYAN A. LOWE +
GLORIA A. CARR
JOSHUA B. WALKER

CAPITAL PLAZA 1
201 EAST PINE STREET (32801)
SUITE 1200
POST OFFICE BOX 2928
ORLANDO, FL  32802
(407) 422-4310
FAX (407) 648-0233

FORT LAUDERDALE DOWNTOWN CENTER
110 EAST BROWARD BLVD.
SUITE 1700
FORT LAUDERDALE, FL  33301
(954) 315-3870
FAX (954) 302-7809

CORPORATE CENTER ONE
AT INTERNATIONAL PLAZA
2202 NORTH WESTSHORE BLVD.
SUITE 200
TAMPA, FL  33607
(813) 288-4686
FAX (813) 579-3634

AETNA BUSINESS CENTER
841 PRUDENTIAL DRIVE
12TH FLOOR
JACKSONVILLE, FL  32207
(904) 371-1907
FAX (904) 839-4089

REPLY TO:
POST OFFICE BOX 2928
ORLANDO, FL  32802-2928
(407) 422-4310
FAX (407) 648-0233
WWW.DRML-LAW.COM

JESSICA C. CONNER
PATRICIA M. REGO CHAPMAN
GAIL C. BRADFORD ++###
C. DEWITT REVELS III

\* FLORIDA BAR BOARD CERTIFIED CIVIL
TRIAL LAWYER
\+ FLORIDA BAR BOARD CERTIFIED WORKERS'
COMPENSATION LAWYER
\# FLORIDA BAR BOARD CERTIFIED
APPELLATE PRACTICE LAWYER

\*\*\* ADMITTED TO THE COLORADO BAR
\#\# ADMITTED TO THE DIST. OF COLUMBIA
BAR
\+\+ ADMITTED TO THE GEORGIA BAR
\*\* ADMITTED TO THE ILLINOIS BAR
\#\#\# ADMITTED TO THE MASSACHUSETTS BAR
\+\+\+ ADMITTED TO THE NEW YORK BAR

August 14, 2014

*Via e-mail only*

Eric D. Frommer, Esq.
Fisher & Frommer, PLLC
250 International Parkway, Suite 260
Lake Mary, FL  32746

     RE:    **Woodworth, Gregg v City of Mascotte**
          **Case No:**    **5:13-cv-00427-WTH-PRL**
          **Claim No:**    **GC2012076156**
          **DOL:**        **5/3/2012**

Dear Mr. Frommer:

On June 18, 2014, we sent you Defendant's First Set of Interrogatories and First Request to Produce in the above referenced matter. The Plaintiff's Answers and Responses were due July 21, 2014, including mailing days. Having reviewed the file, we noticed that we did not receive discovery responses from you. On July 28, 2014, we sent you e-mail correspondence advising we had not received any discovery from the Plaintiff. On this same date, you advised that you would review and provide us with the requested discovery answers and responses that week.

On August 4, 2014, we again sent you e-mail correspondence advising that we had not received Plaintiff's discovery. We did not receive a response from you.

To date, we still have not received any discovery from the Plaintiff. The Plaintiff is set for deposition on September 18, 2014. Please be advised that, at this point, I am reserving the right to continue Mr. Woodworth's deposition pending receipt and review of the Plaintiff's


EXHIBIT
D

Eric D. Frommer, Esq.
August 14, 2014
Page 2

verified Answers to Interrogatories and Responses to Request to Produce with full production of documents. In addition, we would like to receive Plaintiff's Answers and Responses without the need of seeking a Motion to Compel. Please let us know when we can expect to receive the requested discovery answers and responses.

Please do not hesitate to contact us if you have any questions.

Sincerely,

*/s/ Gail C. Bradford*

Gail C. Bradford

GCB/smh
00211452

**Suzanne Huston**

| | |
|---|---|
| **From:** | eric frommer <ericfrommer@hotmail.com> |
| **Sent:** | Sunday, August 24, 2014 10:37 PM |
| **To:** | Suzanne Huston |
| **Subject:** | RE: Woodworth, Gregg v City of Mascotte  GC2012076156: |

I am having the Plaintiff's sign their discovery under oath tomorrow, I will email a copy to you and mail the original.

## Eric D. Frommer, Esq.
*Fisher & Frommer, PLLC*
*250 International Parkway, Suite 260*
*Lake Mary, Florida 32746*
*Office: (407) 829-3290*
*Direct: (407) 829-3293 x200*
*Mobile: (321) 262-4471*
*Facsimile: (407) 829-3294*
*Email: efrommer@fisherfrommer.com*

*Disclaimer: The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please reply to the sender that you have received this communication in error, and destroy all copies of the original message.*

From: Suzanne@DRML-Law.com
To: efrommer@fisherfrommer.com
CC: GBradford@DRML-Law.com; DNoah@DRML-Law.com; Marissa@DRML-Law.com
Subject: Woodworth, Gregg v City of Mascotte GC2012076156:
Date: Thu, 14 Aug 2014 13:12:28 -0400

Mr. Frommer:

Please see attached correspondence from Ms. Bradford in the above captioned matter.  Please do not hesitate to contact us if you have any questions.

Thank you.



EXHIBIT
E

*Suzanne Huston*|F.R.P.
*Paralegal to Gail C. Bradford, Esq.*

1

# DEAN, RINGERS, MORGAN AND LAWTON
### A PROFESSIONAL ASSOCIATION
### ATTORNEYS AT LAW

GOBLE D. DEAN [1913-2000]
ANDREW L. RINGERS - RETIRED
DALE O. MORGAN (OF COUNSEL)
WILLIAM E. LAWTON *##+++
LAMAR D. OXFORD #
F. SCOTT PENDLEY *++
JOHN D. ROBINSON
FRANK C. WESIGHAN +
JEFFRY J. BRANHAM +
JOSEPH R. FLOOD, JR.
S. RENEE STEPHENS LUNDY
DOUGLAS T. NOAH
ALAN D. KALINOSKI +##**
JOHN M. JOYCE
G. CLAY MORRIS
RONALD P. GRENINGER
MICHAEL A. LOWE +
JAMES A. WILKINSON ***+++
JOHN T. CONNER
BRYAN A. LOWE +
GLORIA A. CARR
JOSHUA B. WALKER

CAPITAL PLAZA 1
201 EAST PINE STREET (32801)
SUITE 1200
POST OFFICE BOX 2928
ORLANDO, FL 32802
(407) 422-4310
FAX (407) 648-0233

FORT LAUDERDALE DOWNTOWN CENTER
110 EAST BROWARD BLVD.
SUITE 1700
FORT LAUDERDALE, FL 33301
(954) 315-3870
FAX (954) 302-7809

CORPORATE CENTER ONE
AT INTERNATIONAL PLAZA
2202 NORTH WESTSHORE BLVD.
SUITE 200
TAMPA, FL 33607
(813) 288-4686
FAX (813) 579-3634

AETNA BUSINESS CENTER
841 PRUDENTIAL DRIVE
12TH FLOOR
JACKSONVILLE, FL 32207
(904) 371-1907
FAX (904) 839-4089

REPLY TO:
POST OFFICE BOX 2928
ORLANDO, FL 32802-2928
(407) 422-4310
FAX (407) 648-0233
WWW.DRML-LAW.COM

JESSICA C. CONNER
PATRICIA M. REGO CHAPMAN
GAIL C. BRADFORD ++###
C. DEWITT REVELS III

*     FLORIDA BAR BOARD CERTIFIED CIVIL
       TRIAL LAWYER
+     FLORIDA BAR BOARD CERTIFIED WORKERS'
       COMPENSATION LAWYER
#     FLORIDA BAR BOARD CERTIFIED
       APPELLATE PRACTICE LAWYER

***   ADMITTED TO THE COLORADO BAR
##    ADMITTED TO THE DIST. OF COLUMBIA
       BAR
++    ADMITTED TO THE GEORGIA BAR
**    ADMITTED TO THE ILLINOIS BAR
###   ADMITTED TO THE MASSACHUSETTS BAR
***   ADMITTED TO THE NEW YORK BAR

September 4, 2014

*Via e-mail only*

Eric D. Frommer, Esq.
Fisher & Frommer, PLLC
250 International Parkway, Suite 260
Lake Mary, FL 32746

> RE:   **Woodworth, Gregg v City of Mascotte**
> **Case No:    5:13-cv-00427-WTH-PRL**
> **Claim No:   GC2012076156**
> **DOL:        5/3/2012**

Dear Mr. Frommer:

On June 18, 2014, we sent you Defendant's First Set of Interrogatories and First Request to Produce in the above referenced matter. The Plaintiff's Answers and Responses were due July 21, 2014, including mailing days. Having reviewed the file, we noticed that we did not receive discovery responses from you. On July 28, 2014, we sent you e-mail correspondence advising we had not received any discovery from the Plaintiff. On this same date, you advised that you would review and provide us with the requested discovery answers and responses that week.

On August 4, 2014, we again sent you e-mail correspondence advising that we had not received Plaintiff's discovery. We did not receive a response from you. On August 14, 2014, we sent you a letter advising that we still had not received any discovery. On August 24, 2014, you responded to the letter advising that you were having Plaintiff sign the discovery under oath the following day and you would e-mail a copy to us and mail the original. We did not receive


EXHIBIT
F

Eric D. Frommer, Esq.
September 4, 2014
Page 2

any discovery from Plaintiff. I called and left you a message at both your office and on your cell phone on Tuesday, September 3, 2014; however, I have not received a return call from you.

To date, we still have not received any discovery from the Plaintiff.  Please be advised that we will be filing a Motion to Compel if we do not have the Answers and Responses including full production of documents in hand by 4:00 p.m. on Monday, September 8, 2014.

Please do not hesitate to contact us if you have any questions.

Sincerely,

*/s/ Gail C. Bradford*

Gail C. Bradford

GCB/smh
00211452

IN THE U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGG WOODWORTH,                    CASE NO: 5:13-cv-00427-WTH-PRL

    Plaintiff,

vs.

CITY OF MASCOTTE,

    Defendant.

_____/

## AMENDED NOTICE OF TAKING DEPOSITION
(Amended Certificate of Service)

    **YOU ARE HEREBY NOTIFIED** that the undersigned will take the following deposition:

| | |
|---|---|
| **DEPONENT:** | **Gregg Woodworth** |
| **DATE:** | **September 18, 2014** |
| **TIME:** | **9:30 a.m.** |
| **PLACE:** | **Fisher& Frommer, PLLC**<br>**250 International Parkway, Suite 260**<br>**Lake Mary, Florida 32746**<br>**(407) 829-3290** |

upon oral examination before **Turner Reporting, Inc.** an official court reporter authorized by law to take depositions. This deposition is being taken for purposes of discovery, for use as evidence, and for such other uses and purposes as are permitted under the Federal Rules of Civil Procedure and other applicable law and shall continue from day to day until completed.


EXHIBIT
G

**I HEREBY CERTIFY** that on May 26, 2014, the foregoing was electronically served to Eric D. Frommer, Esquire, Fisher & Frommer, PLLC, 250 International Parkway, Suite 260, Lake Mary, FL  32746.

_____/s/ Douglas T. Noah_____
DOUGLAS T. NOAH, ESQ.
Florida Bar No. 0863970
GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, FL 32802-2928
Tel:  407-422-4310    Fax:  407-648-0233
DNoah@drml-law.com
Attorneys for Defendant

cc:    Turner Reporting, Inc.
       (407) 497-6070

2