**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**GREGG WOODWORTH,**

    **Plaintiff,**

**v.**                                                                                                       **Case No: 5:13-cv-427-Oc-10PRL**

**CITY OF MASCOTTE**

    **Defendant.**

## ORDER

Pending before the Court is Defendant's Motion to Compel Answers to Interrogatories and Responses to Request to Produce and for Sanctions. (Doc. 24). Defendant filed its motion due to Plaintiff's failure to object or respond to discovery requests, despite Defendant's numerous attempts to communicate with Plaintiff's counsel. Defendant requests that the Court strike Plaintiff's pleadings and award reasonable expenses, including attorney's fees, caused by Plaintiff's failure to respond to written discovery.

The Court directed Plaintiff to show cause why Defendant's motion should not be granted, and why this case should not be dismissed for want of prosecution pursuant to Local Rule 3.10. (Doc. 25). Plaintiff states he has now responded to all interrogatories and produced several hundred pages of discovery, and thus, Defendant's motion is moot. (Doc. 26). Plaintiff further notes that he has secured co-counsel to assume the lead attorney role in this case and a notice of appearance is forthcoming. The parties have two months to conduct mediation and finalize Plaintiff's discovery requests.

- 2 -

Upon due consideration, Defendant's Motion to Compel Answers to Interrogatories and Responses to Request to Produce and for Sanctions (Doc. 24) is hereby **DENIED as moot**. The Court also denies Defendant's request to strike Plaintiff's pleadings.

With regard to Defendant's request for sanctions, the Court finds that an award is mandated by Rule 37(a)(5)(A) against Plaintiff.[1] Where, as here, the motion to compel is caused by the failure of a party to provide responsive answers to discovery requests, the Court is required to award the fees and expenses incurred in filing the motion. Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action, that the response of the non-moving party was substantially justified, or where other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of these exceptions are presented here. Indeed, before filing this motion, counsel for Defendant corresponded with Plaintiff's counsel several times in efforts to obtain the outstanding discovery. Further, despite having an opportunity to respond, Plaintiff did not file a response or offer any explanation as to why he did not provide answers to the discovery requests. It was only after the Court issued an order to show cause that Plaintiff's counsel explained that he provided the requested discovery to Defendant and hired co-counsel. For these reasons, Defendant is entitled to reimbursement for the fees and expenses incurred in preparing and filing the instant motion.

Accordingly, Plaintiff is hereby ordered to pay to Defendant the reasonable expenses and attorney's fees incurred by Defendant in preparing and filing the instant motion. Defendant shall

---

[1] *See* Fed. R. Civ. P. 37(a)(5)(A)("if [a motion to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must* ... require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees…" (emphasis added).

- 3 -

submit within **ten (10) days** of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the instant motion. To the extent that Plaintiff objects to the amount of expenses and fees claimed by Defendant, he shall file a response within **ten (10) days** of service of Defendant's affidavit. Upon receipt of Defendant's affidavit and any objections by Plaintiff, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

Going forward, the parties are strongly encouraged to comply with both the letter and spirit of Local Rule 3.01(g) to confer in a good faith effort to resolve any further issues that may arise relevant to the completion of discovery.

**DONE** and **ORDERED** in Ocala, Florida on October 9, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties